UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERIFY SMART CORP., <br><br> Plaintiff, <br><br> v. <br><br> ALLY BANK, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Verify Smart Corp. ("Verify") demands a jury trial and complains against Defendant Ally Bank ("Ally"), and states as follows:

## THE PARTIES

1. Verify is a corporation organized and existing under the laws of the State of Nevada, conducting business in this judicial district.

2. On information and belief, Ally is a company organized and existing under the laws of the State of Delaware having its headquarters located at 6985 Union Park Center, Midvale, Utah 84047, and conducting business in this judicial district.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Verify is informed and believes, and based thereon alleges, that Ally is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENT**

6. On October 9, 2012, U.S. Patent No. 8,285,648 ("the '648 patent") was duly and legally issued to Dan Scammell ("Scammell") for an invention entitled "System and Method for Verifying A User's Identity In Electronic Transactions". On May 23, 2011, Scammell assigned all right, title and interest in and to the '648 patent to Colleen Scammell ("C. Scammell"). On July 8, 2015, C. Scammell assigned all right, title and interest in and to the '648 patent to Assured Mobile Technologies LLC ("Assured"). Thereafter, on July 8, 2015, Assured assigned all right, title and interest in and to the '648 patent to Verify. A copy of the '648 patent is attached to this Complaint as Exhibit 1.

7. The '648 patent is directed to novel systems and methods of verifying the identity of consumers initiating electronic transactions to provide enhanced security for such transactions. Verify is informed and believes, and based thereon alleges, that Ally makes, uses, tests, markets and sells or otherwise provides a two-factor verification system and method enabling users of its services and products to authenticate their identity when initiating an electronic transaction, using a one-time pass-code sent to the user's mobile phone (hereinafter "2-Step Authentication Feature").

8. Claim 2 of the '648 Patent claims a system for verifying the identity of a user seeking to initiate an electronic transaction by sending an identity verification request from a verifier to a user communications device, having the user enter a response to the request into the user communications device and transmit the response to the verifier, comparing the response to the request, and if they match allowing the electronic transaction to proceed.

9. Claim 3 of the '648 Patent is directed to the same system as Claim 2 with the added feature that the user communications device is a personal communications device such as a mobile phone.

10. Claim 5 of the '648 Patent claims a method for verifying the identity of a user seeking to initiate an electronic transaction by sending an identity verification request to a user communications device having a user access number stored in a database accessible to the verifier, having the user enter into the user communications device a response to the request and transmit the response to the verifier, comparing the response to the request, and if they match allowing the electronic transaction to proceed.

11. Claim 6 of the '648 Patent is directed to the same method as Claim 5 with the added requirement that the comparison is performed by the verifier.

12. Claim 7 of the '648 Patent is directed to the same method as Claim 5 with the added requirement that software be downloaded to the user communications device.

13. Claim 9 of the '648 Patent is directed to the same method as Claim 7 with the added requirement that the downloaded software is used to transmit the response to the identity verification request.

14. Claim 10 of the '648 Patent is directed to the same method as Claim 7 with the added requirement that the downloaded software is used to receive the identity verification request, format the request for display on the user communications device, and display the request on the user communications device.

15. Claim 19 of the '648 Patent is directed to the same method as Claim 5 with the added requirement of that a device identifier for the user communications device is stored in a database accessible to the verifier, the device identifier is retrieved from the database, a

3

communications link is opened with the user communications device, and the device identifier retrieved from the database is compared with the device identifier obtained from the user communications device when the communications link is opened wherein if the device identifiers match the electronic transaction is allowed to proceed.

16. Verify's predecessors-in-interest sought to commercialize the invention claimed by the '648 Patent and obtained favorable feedback about the invention from various potential clients. In spite of the favorable reviews, Verify was unable to obtain sufficient investment capital to commercialize the invention.

17. Verify's investigation led it to conclude that numerous market participants are now offering or using verifications systems and methods that perform the functions claimed by the '648 Patent. The presence of these more established market participants offering or using infringing products and services prevented Verify from successfully entering the market.

## ALLY'S INFRINGING SYSTEM AND METHOD

18. Without authority from Verify, Ally makes, uses (including by having its employees test), markets and sells or otherwise provides a system and method for verifying the identity of a user by a verifier during the course of an electronic transaction.

19. Ally "operates primarily as a direct bank that markets to customers offering savings products, including certificates of deposit (CDs), online savings accounts, money market accounts and checking accounts." *See* https://en.wikipedia.org/wiki/Ally_Bank.

20. "When additional verification is needed, [Ally] activate[s] extra security measures like . . . sending a security code to a device that you've registered. You may also know this as 2-factor or multi-factor authentication." *See* https://www.ally.com/security/our-approach.html.

21. Ally's 2-Step Authentication Feature is "a 6-digit code that you can ask us to send you in a text message . . . when you log in from a device we don't recognize. The code can only be used once, and expires 20 minutes after it's sent." *See* https://www.ally.com/help/privacy-security.html#term=text code.

22. Ally provides instructions directly to its users to enable and use the 2-Step Authentication Feature. *See* e.g. https://www.ally.com/security/password-security-tips.html/.

23. These instructions teach and suggest to use the 2-Step Authentication Feature in a way that infringes at least Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 patent.

24. Ally's 2-Step Authentication Feature uses two factor authentication to verify the identity of its users in the manner set forth in the '648 Patent. Ally's 2-Step Authentication Feature performs the system and methods claimed by the '648 Patent.

## COUNT I
## DIRECT INFRINGEMENT

25. Verify repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 24 above.

26. As a result of making, using (including having its employees internally test and use the 2-Step Authentication Feature on a mobile device, as alleged below), marketing, and providing this security feature, Ally has directly infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent literally and/or under the doctrine of equivalents. As set forth *supra*, Ally's 2-Step Authentication Feature is specifically designed to perform each and every step set forth in Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent and each use of Ally's 2-Step Authentication Feature will result in infringement of at least one claim of the '648 Patent.

27. Upon information and belief, Ally directly infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent when it internally tested Ally's 2-Step Authentication Feature, which is

programmed to operate on a user communications device, e.g., a mobile device. Upon information and belief, Ally employees and/or individuals under Ally's control used Ally's 2-Step Authentication Feature on an Ally employee's mobile device, to test the operation of this security feature, in the manner set forth in the '648 Patent and described in detail in paragraphs 7 through 24 above. Verify therefore alleges that Ally directly infringed the '648 Patent by using Ally's 2-Step Authentication Feature to perform the systems and methods claimed by the '648 Patent.

28. Upon information and belief, Ally also directly infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent when its employees use Ally's 2-Step Authentication Feature, which is programmed to operate on a user communication device, e.g., a mobile device. Upon information and belief, Ally employees and/or individuals under Ally's control used Ally's 2-Step Authentication Feature on an Ally employee's mobile device to use the functionality of this security feature, in the manner set forth in the '648 Patent and described in detail in paragraphs 7 through 24 above. Verify therefore alleges that Ally directly infringed the '648 Patent by using Ally's 2-Step Authentication Feature to perform the systems and methods claimed by the '648 Patent.

29. Since at least the date that this Complaint was filed, Ally has willfully infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by directly infringing the patent with knowledge of the patent and in spite of an objectively high likelihood that its actions constituted infringement of the '648 Patent.

30. Verify has suffered damages as a result of Ally's direct infringement of the '648 Patent.

## COUNT II
## <u>INDIRECT INFRINGEMENT</u>

31. Verify repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 30 above.

32. Ally's 2-Step Authentication Feature is particularly adapted for use in a manner that infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent. Specifically, as alleged *supra*, Ally's 2-Step Authentication Feature is designed to provide extra security measures to verify the identity of its customers engaged in an electronic transaction.

33. Ally has been aware of the '648 Patent since at least the filing date of this Complaint, and upon information and belief was aware, or should have been aware, since at least such date that the use of its 2-Step Authentication Feature constitutes direct infringement of the '648 Patent.

34. In spite of its knowledge of the '648 Patent, Ally has continued to offer its 2-Step Authentication Feature to its customers and has continued to instruct them on how to use this security feature in a manner that infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent, intending that its customers use the feature.

35. Upon information and belief, at least one of Ally's customers has used Ally's 2-Step Authentication Feature in a manner that infringes the '648 Patent since Ally became aware of the '648 Patent.

36. Ally indirectly infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by inducing others to use its 2-Step Authentication Feature in a manner that directly infringes the asserted claims. Ally provides its 2-Step Authentication Feature to the public and encourages and instructs them on how to use it, including by encouraging and instructing the use of each of the features claimed by the '648 Patent. Due to Ally's encouragement and instruction, Ally

7

customers that use Ally's 2-Step Authentication Feature directly infringe the '648 Patent by performing each element set forth in the '648 Patent and described in detail in paragraphs 7 through 24 above. Ally has induced these infringing uses with full knowledge of the '648 Patent and with full knowledge that the use of its 2-Step Authentication Feature as directed constitutes infringement of the '648 Patent.

37. Ally indirectly infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by contributorily infringing the patent by providing its 2-Step Authentication Feature. Ally customers that use the 2-Step Authentication Feature directly infringe the '648 Patent by performing each element set forth in the '648 Patent and described in detail in paragraphs 7 through 24 above. Since at least the filing date of this Complaint, Ally has known that the use of its 2-Step Authentication Feature on mobile devices infringes the '648 Patent, that the combination of this security feature as used on mobile devices was patented and infringed the '648 Patent, and that such combination of components has no substantial non-infringing use.

38. Verify has suffered damages as a result of Ally's indirect infringement of the '648 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Verify prays for judgment against Defendant Ally on all the counts and for the following relief:

A. Declaration that Verify is the owner of the right to sue and to recover for infringement of the '648 Patent being asserted in this action;

B. Declaration that Ally has directly infringed, actively induced the infringement of, and/or contributorily infringed the '648 Patent;

C. Declaration that Ally and its customers are jointly or severally responsible for the

        damages from infringement of the '648 Patent through the use of the 2-Step Authentication Feature;

D.     Declaration that Ally is responsible jointly or severally with its customers for the damages caused by the infringement of the '648 Patent through the use of the 2-Step Authentication Feature by Ally's customers;

E.     An accounting for damages under 35 U.S.C. § 284 for infringement of the '648 Patent by Ally, and the award of damages so ascertained to Verify together with interest as provided by law;

F.     Award of Verify's costs and expenses;

G.     Award of Verify's attorney fees; and

H.     Such other and further relief as this Court may deem proper, just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff Verify demands a trial by jury of all issues properly triable by jury in this action.

        By: /s/Jean-Marc Zimmerman
        Jean-Marc Zimmerman (ID #37451989)
        Zimmerman, Weiser & Paray LLP
        233 Watchung Fork
        Westfield, New Jersey 07090
        Tel: (908) 768-6408
        Fax: (908) 935-0751
        jmz@zimllp.com

        Attorneys for Plaintiff Verify Smart Corp.

Dated: August 8, 2016